UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUAN FRED RODRIGUEZ, Jr.,

                Plaintiff,

-against-

N.Y.C. DEPT. OF TRANSPORTATION, Staten Island
Ferry Division,

                Defendant.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-3056 (NGG) (VVP)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 25 2012 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is a motion filed by Defendant City of New York to dismiss Plaintiff Juan Fred Rodriguez's complaint ("Complaint") pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] (See Docket Entry # 11.) The court referred this motion to Magistrate Judge Viktor V. Pohorelsky (see Order of Jan. 11, 2012), and Judge Pohorelsky has recommended that it be granted (see Report and Recommendation ("R&R") (Docket Entry # 15)). For the following reasons, the R&R is ADOPTED as modified herein. The motion to dismiss is GRANTED.

Rodriguez objects to the R&R. (See generally Objections ("Obj.") (Docket Entry # 20).) The court reviews de novo those portions of the R&R to which Rodriguez properly objects. See

---

[1] Rodriguez styled the Complaint as against the "N.Y.C. Dept. of Transportation, Staten Island Ferry Division" (see Compl. (Docket Entry # 1 at 1)), which, as an organizational subdivision of the City of New York, cannot be sued, see 17 N.Y.C. Charter § 396; Dove v. Fordham Univ., 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1990). Rodriguez is pro se, however, and so the court must afford his complaint a liberal construction. See Triestmann v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). The court accordingly construes the Complaint as raising claims against the City of New York, counsel of which has defended the case in any event. Judge Pohorelsky's report and recommendation is MODIFIED to reflect that the City of New York, not the New York City Department of Transportation, is the proper defendant in this case.

1

28 U.S.C. § 636(b)(1). A proper objection is one that identifies the specific portions of the report and recommendation that the objector asserts are erroneous and provides a basis for this assertion. See U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012). But the court will generally not consider arguments, case law, or evidentiary material that could have been but were not presented to the Magistrate Judge. See id. Those portions of the R&R to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). As with all pro se submissions, the court construes Rodriguez's objections liberally. See Triestmann v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

Rodriguez has commented on nearly every line of R&R, but relatively few of his remarks can be—even liberally—construed as objections. For the most part, Rodriguez simply fails to assign any error to the R&R. Instead, he seeks to supplement and explain the Complaint with new factual allegations that were not before Judge Pohorelsky, and therefore cannot be considered by the court.

Rodriguez does purport to object, however, to Judge Pohorelsky's ultimate recommendation that the Complaint be dismissed as facially time-barred.

Judge Pohorelsky read the Complaint as alleging that Rodriguez filed this case more than 90 days after he obtained a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). (See R&R at 8-9.) Additionally, Judge Pohorelsky interpreted the Complaint and accompanying materials as demonstrating that the charge Rodriguez filed with the EEOC was itself time-barred because it was not filed within 300 days of the underlying alleged adverse employment action. If correct, either one of these determinations by itself would require the court to dismiss the Complaint.

2

Rodriguez objects to both of these portions of the R&R. He contends that he "did not fail to commence the instant action within ninety days of receiving [his] right-to-sue letter." (Docket Entry # 20 at 5.)[2] With respect to the timeliness of his EEOC charge, he states: "I did file charges with the NYSDHR on May 16[,] 2006, some 161 days before I was let go with no reason on October 23[]. The December 2009 [charge] was a refiling of the . . . May 16[,] 2006 [charge] at the NYSDHR's advisement."[3] (Id. at 8.) The court reviews both issues de novo.

The Complaint asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-20003-17, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-634. Success under the private right of action contained in these statutes is contingent on a plaintiff: (1) first filing a timely charge with the EEOC; and (2) obtaining a so-called "right-to-sue" letter from that agency and initiating a lawsuit within 90 days of receipt of the letter. See 42 U.S.C. §§ 2000e-5(e)-(f); 29 U.S.C. §§ 626(d)-(e). A plaintiff's failure to comply with either one of these requirements thus constitutes an affirmative defense to claims under these statutes. "A complaint is subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face." Jones v. Block, 549 U.S. 199, 215 (2007) (alterations omitted) (quoting Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001)).

Here, the Complaint and attached materials make clear that Rodriguez's claims are time-barred because the case was not filed within 90 days of Rodriguez's receipt of the EEOC

---

[2] The pagination of the objections is incoherent. Accordingly, page numbers cited in this order correspond to those on ECF.

[3] Charges filed with the New York State Division of Human Rights ("SDHR") are automatically cross-filed with the EEOC. See generally 29 C.F.R. § 1601.13 (providing for cooperative relationships between the EEOC and state fair employment practice agencies such as the SDHR); cf. Samuel v. Merrill Lynch Pierce Fenner & Smith, 771 F. Supp. 47, 48 (S.D.N.Y. 1991) (EEOC charge automatically cross-filed with SDHR pursuant to work-sharing agreement).

right-to-sue letter. The Complaint indicates that the case was filed on June 24, 2011. (See Compl. (Docket Entry # 1 at 1).)[4] The Complaint also states that Rodriguez received the right-to-sue letter on March 23, 2011. Accepting the allegation as true, the Complaint shows that Rodriguez initiated this action 93 days after he received his right-to-sue. His claims are therefore untimely unless the 90 day time limit is tolled.[5] Cf. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982) (Title VII's time provision is subject to equitable tolling). There is nothing in the Complaint or Rodriguez's opposition to the City's motion to justify equitable tolling. The Complaint, which contains no narrative, and its assorted attached materials, make no mention of the delay in filing. In his opposition, Rodriguez simply states that he did not receive the right-to-sue letter until "late March." (Decl. in Opp. to Mot. to Dismiss (Docket Entry # 12 at 4).)[6] Even assuming, as the court does, that the 90 day window of time to file a civil action did not begin to run until March 23, 2011, the Complaint is still untimely.

Because Rodriguez has pled that this action is time-barred, there is no need for the court to consider whether the Complaint and attached materials demonstrate that Rodriguez's EEOC charge was also untimely. The R&R is MODIFIED to reflect that the court does not reach the issue of the timeliness of the EEOC charge.

The court has reviewed the remainder of the R&R for clear error and finds none. It is

---

[4] As with his objections, the Complaint and attached materials are not coherently paginated. The court therefore refers the ECF page numbers.

[5] The court notes that the right-to-sue letter, which is attached to the Complaint, indicates that Rodriguez may have received the letter much earlier than March 23. The letter clearly states that it was mailed on March 9, 2011 (see EEOC Dismissal and Notice of Rights (Docket Entery # 1 at 6)), and there is a presumption that a right-to-sue letter is received within three days of its mailing, see Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996).

[6] As with his objections and the Complaint, Rodriguez's opposition is incoherently paginated. Accordingly, the court cites to ECF page numbers.

4

worth elaborating somewhat, however, on the portion of the R&R that addresses the issue of granting Rodriguez leave to amend the Complaint. While the R&R correctly finds that it would be futile for Rodriguez to amend the Complaint (see R&R at 14.), the court notes that amendment would be futile, not only because the case was filed more than 90 days after Rodriguez alleges he received the right-to-sue-letter, but also because it is clear that Rodriguez cannot allege equitable tolling. He addresses the issue substantially in his objections. (See Docket Entry # 20 at 7-8.) The thrust of Rodriguez's argument is that he delayed filing his case because he could not find a lawyer who would represent him, and that it would be unfair to allow the City to rely on a statute of limitations defense since they have wronged him. (See id.) These are not a sufficient grounds for equitable tolling. Cf. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (party seeking equitable tolling must demonstrate, inter alia, extraordinary circumstances). The court concludes, based on the Complaint, Rodriguez's opposition, and, especially, Rodriguez's objections, that there are no good faith allegations Rodriguez could add to an amended complaint that would establish equitable tolling. The R&R is MODIFIED to reflect this conclusion.

The R&R is ADOPTED a modified above, and City's motion to dismiss is GRANTED. The Complaint is DISMISSED. The Clerk of Court is respectfully directed to close the case.
SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      September 25, 2012

NICHOLAS G. GARAUFIS
United States District Judge