UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JUAN FRED RODRIGUEZ, JR.,

     Plaintiff,

  -against-

N.Y.C. DEPT. OF TRANSPORTATION,
Staten Island Ferry Division

     Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
**11-CV-3056 (NGG) (VVP)**



FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N Y
★ NOV 13 2012 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

  Plaintiff seeks reconsideration of the court's Order adopting and modifying Magistrate Judge Pohorelsky's Report and Recommendation ("R&R"), dismissing Plaintiff's complaint, and directing the Clerk of Court to close the case. For the reasons discussed below, Plaintiff's motion for reconsideration is DENIED.

  A motion for reconsideration will generally be denied unless the moving party can establish: "(1) that the court overlooked controlling decisions or data; (2) that there has been a change in decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." Hughes v. McWilliams, No. 04-CV-7030 (KMW), 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Courts narrowly construe and strictly apply these principles in order to avoid "repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985).

Plaintiff argues that he has "new revelations" that have not been brought forth previously and demonstrate that his case should be allowed to proceed. (Mot. for Recons. at 2.) These new revelations, however, are his own recollection of events that seem to have happened many years ago. (Id.) A motion for reconsideration is not an opportunity for a party to present additional facts that were available when the original motion was filed. See G-I Holdings, Inc. v. Baron & Budd, No. 01-CV-0216 (RWS), 2004 WL 1277870, at *2 (S.D.N.Y. June 10, 2004). Therefore, Plaintiff's own recollections, available when he filed his opposition to Defendants' motion to dismiss, do not merit reconsideration of the court's previous Order.

Plaintiff's contention, raised several times before, that this case "needs to be brought to trial" (Mot. for Reconsid. at 2), and his continued insistence that he has been wronged, are not sufficient reasons for the court to reconsider its decision to dismiss his claims, Hughes, 2009 WL 2971757, at *1.

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The court adheres to its previous judgment.

SO ORDERED.                                         s/Nicholas G. Garaufis

Dated: Brooklyn, New York                           NICHOLAS G. GARAUFIS
      November 9, 2012                           United States District Judge

2